UNITED STATES, Appellee

v.

JAMES L. BOYKINS, Private E–2, U. S. Army, Appellant

3 USCMA 806, 14 CMR 224

No. 3630

Decided February 26, 1954

LT COL George M. Thorpe, U. S. Army, and 1ST LT Jackson L. Kiser, U. S. Army, for Appellant.

LT COL William R. Ward, U. S. Army, 1ST LT Martin Blackman, U. S. Army, and 1ST LT Ezra B. Jones, Jr., U. S. Army, for Appellee.

PAUL W. BROSMAN, Judge:

The accused was tried by general court-martial on a charge of assault with intent to commit murder, found guilty of the included offense of assault with intent to commit manslaughter, and sentenced to receive a dishonorable discharge, to total forfeitures, and to confinement at hard labor for ten years. The convening authority approved the conviction and sentence, but a board of review in the office of The Judge Advocate General, United States Army, affirmed only so much of the findings as found the accused guilty of assaulting and intentionally inflicting grievous bodily harm to the soldier named in the specification. The period of confinement was accordingly reduced to five years. We granted the accused's petition for review of this action in order that we might determine the correctness of the law officer's instructions on sanity.

These instructions have been questioned by appellate defense counsel because of their references to "evidence, including that supplied by the presumption of sanity." The interpretation of an identical instruction was considered by us in detail in United States v. Biesak, 3 USCMA 714, 14 CMR 132; see also United States v. Walters, 3 USCMA 732, 14 CMR 150; and United States v. Johnson, 3 USCMA 725, 14 CMR 143. The only variant found in the instant case relates to the fact that the defense here had duly requested additional instructions of the law officer, some of which related to the issue of sanity. This request was denied by the law officer on the ground that the proposed instructions constituted mere repetitions of the advice he had previously given the court.

We have examined these requested instructions with care, and have concluded that none of them in any way constituted a suggestion that the law officer clarify the meaning of his references to "evidence, including that supplied by the presumption of sanity." Indeed, at an earlier point in the trial, the defense counsel had read to the court as legal authority that very portion of the Manual referring to "evidence, including that supplied by the presumption of sanity." Manual for Courts-Martial, United States, 1951, paragraph 122a. In light of the principles announced in the cited cases, we can discover no error in the instructions prejudicial to the accused. Indeed, upon careful scrutiny of the record of trial we are unsure that the issue of sanity was genuinely raised by the evidence. In any event, the law officer manifested excellent judgment in furnishing detailed, comprehensive, and clear instructions concerning the legal criteria for determining the sanity of the accused.

Accordingly, the decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.